**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| DIJ GROUP, INC., | ) | Case No. 23-03257 |
| | ) | |
| Debtor-in-Possession. | ) | Honorable Janet S. Baer |
| | ) | |

**NOTICE OF MOTION**

To:   See attached service list.

   PLEASE TAKE NOTICE that on **Wednesday, May 3, 2023 at 10:00 A.M.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in her stead, either at the United States Bankruptcy Court, Courtroom 615, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below, and present PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC's ("PNCEF") *Motion for Relief from the Automatic Stay, or, In the Alternative, Motion to Compel Payment of Adequate Protection*, a copy of which is attached.

   **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

   You may appear electronically by video or by telephone.

   **To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and passcode.

   **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

   **Meeting ID and passcode**. The meeting ID for this hearing is 161 731 2971 and the passcode is 587656. The meeting ID and passcode can also be found on Judge Baer's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-janet-s-baer.

   **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

PNC BANK, NATIONAL ASSOCIATION,
successor by merger to PNC EQUIPMENT
FINANCE, LLC,

|     |     |
| --- | --- |
| By: | /s/ C. Randall Woolley |
|     | C. Randall Woolley |
|     | Darcy & Devassy, PC |
|     | 444 North Michigan Avenue |
|     | Suite 3270 |
|     | Chicago, IL  60611 |
|     | (312) 784-2400 Telephone |
|     | (312) 784-2410 Facsimile |
|     | rwoolley@darcydevassy.com |

# **CERTIFICATE OF SERVICE**

I, C. Randall Woolley, an attorney, hereby certify that on April 14th, 2023, I electronically filed *PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC's Motion for Relief from Automatic Stay, or, In the Alternative, Motion to Compel Payment of Adequate Protection* with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Saulius Modestas
Modestas Law Offices, P.C.
401 S. Frontage Road
Suite C
Burr Ridge, IL 60527
smodestas@modestaslaw.com

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Ken Novak
Ken Novak & Associates, Inc.
3356 Lake Knoll Dr.
Northbrook, IL 60062
knovak@kennovakinc.com

Sharon L Stolte
Sandberg Phoenix & von Gontard P.C.
4600 Madison Ave., Ste. 1250
Kansas City, MO 64112
816-627-5332
sstolte@sandbergphoenix.com

Daniel Rubin
Howard and Howard
200 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
(312) 456-3448
drubin@howardandhoward.com

Michael Leifman
Vedder Price, P.C.

222 North LaSalle Street
Suite 2600
Chicago, IL 60601
312-609-7500
mleifman@vedderprice.com

and I hereby certify that I caused the document to be served on the following non-CM/ECF participants via First Class Mail:

DIJ Group, Inc.
1300 Lakeview Drive
Romeoville, IL 60446

Auxilor Capital Partners
620 Germantown Pike
Ste. 450
Plymouth Meeting, PA 19462

Commercial Credit Group
2135 City Gate Lane
Naperville, IL 60563

De Lage Landen Fin Svs
1111 Old Eagle School Rd
Wayne, PA 19087

Joseph James, Jr.
6439 S. Aberdeen St., Unit 2
Chicago, IL 60621

Sumitomo Mitsui Finance
666 Third Avenue
New York, NY 10017

TAB Bank
4185 Harrison Blvd
Ogden, UT 84403

Trebar Fin Svs
1412 Idaho St., #210
Boise, ID 83702

/s/ C. Randall Woolley

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| DIJ GROUP, INC., | ) | Case No. 23-03257 |
| | ) | |
| Debtor-in-Possession. | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |

**PNCEF'S MOTION FOR RELIEF FROM
AUTOMATIC STAY OR, IN THE ALTERNATIVE,
MOTION TO COMPEL PAYMENT OF ADEQUATE PROTECTION**

NOW COMES Creditor PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC's ("PNCEF"), by and through its counsel, respectfully moves this Court for an order modifying the automatic stay pursuant to 11 U.S.C. §362 to allow PNCEF to repossess certain equipment from the Debtor DIJ Group, Inc. (hereinafter the "Debtor"), or, in the alternative, an order compelling the Debtor to make adequate protection payments pursuant to 11 U.S.C. §§ 361 and 363 (the "Motion"). In support of the Motion, PNCEF states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 361, 362 and 363.

2. On March 10, 2023, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. The Debtor, as Debtor in Possession, has continued in possession of its property, pursuant to 11 U.S.C. §§1107 and 1108.

1

4. Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 11 bankruptcy proceeding which is currently pending before this court.

## BACKGROUND

5. On or about September 23, 2022, PNCEF, as lender, and the Debtor, as borrower, entered into Loan and Security Agreement No. xx9429 (the "Agreement") wherein PNCEF financed the Debtor's acquisition of certain equipment: two (2) 2020 Peterbilt 579 Trucks, Vin Nos. 1XPBDP9XXLD650035 and 1XPBD9XXLD649998 (the "Equipment"). A true and correct copy of the Agreement and all addenda is attached hereto as Exhibit 1.

6. Pursuant to the Agreement, the Debtor agreed to make sixty (60) consecutive monthly payments of $5,263.72, plus applicable taxes. See Agreement attached hereto as Exhibit 1.

7. Pursuant to the Agreement, PNCEF obtained a first priority security interest in the Equipment. See Agreement, ¶ 6, attached hereto as Exhibit 1.

8. PNCEF properly perfected its first priority security interest in the Equipment by recording its lien on the Certificates of Title for the Equipment. True and correct copies of the Certificates of Title for the Equipment are attached hereto as Exhibit 2.

9. To induce PNCEF to enter into the Agreement, Deividas Rusteika personally guaranteed the obligations of the Debtor under the Agreement (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

10. PNCEF fully performed its obligations under the Agreement.

11. The Debtor failed to make the full payment due on January 1, 2023, and all payments due thereafter under the Agreement.

12. The failure to make timely payments is an event of default under the Agreement. See Exhibit 1, ¶ 13.

13. As a result of the payment default, PNCEF is entitled to declare all of Debtor's obligations under the Agreement immediately due and payable, plus late charges, prejudgment interest and attorneys' fees and costs. See Exhibit 1, ¶¶ 3, 14 and 20.

14. PNCEF claims the amount due as a result of the Debtor's default under the Agreement to be $287,779.19.

15. PNCEF estimates the fair market value of the Equipment at $110,000.00 per unit, for a total of $220,000.00, depending on condition and mode of sale.

16. Upon information and belief, the Equipment remains in the exclusive possession and control of the Debtor.

17. Upon information and belief, there are no other entities that may have a legal or equitable interest in the Equipment.

**RELIEF SOUGHT**

A. *Relief from Stay.*

18. Section 362(d) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary for an effective reorganization.

*See* 11 U.S.C. §362(d) (West 2023).

19.    The total amount of PNCEF's claim relating to the Agreement is $287,779.19.  The estimated value of the Equipment is $220,000.00.

20.    Cause exists to modify the automatic stay, because the Debtor does not have equity in the Equipment.

21.    The Equipment is not necessary for an effective reorganization.

22.    The Equipment continues to depreciate, thereby diminishing PNCEF's interest in the Equipment.

23.    PNCEF will suffer irreparable damage if the relief requested is not granted immediately, as the interest of PNCEF is not adequately protected.

24.    The automatic stay must be terminated or modified to allow PNCEF to liquidate the Equipment to afford PNCEF the opportunity to minimize its losses and claims against the Debtor.

### B.    *Adequate Protection of PNCEF's Interest in the Equipment.*

25.    Section 363(e) of the Bankruptcy Code requires that adequate protection be given to an entity whose interest in the property is affected by the debtor's use, sale, or lease of property.

26.    Section 361 of the Bankruptcy Code provides that when adequate protection of an interest in property is required under §363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

27.    If the Debtor claims that the Equipment is necessary for an effective reorganization and intends to retain possession and use of the Equipment, then this Court, pursuant to § 363(e) of the Bankruptcy Code, should condition the continued use of the Equipment on the Debtor's

4

payment of adequate protection to PNCEF to protect PNCEF's interest in the Equipment, including, at a minimum, cure of all post-petition defaults and requiring periodic cash payments to PNCEF thereafter.

28. PNCEF will suffer irreparable damage if such relief is not granted immediately, as the Debtor has no equity in the Equipment, the interest of PNCEF is not adequately protected, and the Equipment continues to depreciate.

WHEREFORE, PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC, respectively requests:

a. that the automatic stay be modified or terminated to permit PNCEF to dispose of the Equipment;

b. that the provisions of Bankruptcy Rule 4001(a)(3) not apply to this Order modifying the stay;

c. that, if relief from stay is not granted as to the Equipment, in the alternative the Debtor be ordered to cure all post-petition defaults and pay to PNCEF regular payments for post-petition possession and use of the Equipment; and requiring the Debtor to continue making monthly installment payments to PNCEF until such time as the Equipment may be surrendered to PNCEF; and

d. that PNCEF have such other and further relief as this Court deems just and proper.

Dated April 14, 2023

PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC,

By: /s/ C. Randall Woolley
C. Randall Woolley
Darcy & Devassy, PC
444 North Michigan Avenue
Suite 3270
Chicago, IL 60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
rwoolley@darcydevassy.com